NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**LEON J. MODROWSKI,**
*Petitioner,*

**v.**

**DEPARTMENT OF VETERANS AFFAIRS,**
*Respondent.*

---

2013-3087

---

Petition for review of the Merit Systems Protection Board in No. CH0752980126-C-3.

---

Decided: October 11, 2013

---

LEON J. MODROWSKI, of Mokena, Illinois, pro se.

WILLIAM P. RAYEL, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were STUART F. DELERY, Acting Assistant Attorney General, JEANNE E. DAVIDSON, Director and DONALD E. KINNER, Assistant Director.

---

Before REYNA, MAYER, and TARANTO, *Circuit Judges.*

PER CURIAM.

Leon Modrowski petitions for review of a final decision of the Merit Systems Protection Board, which denied his petition to enforce a settlement agreement with the Department of Veterans Affairs on the ground that he did not establish that the VA breached the agreement. We affirm.

## BACKGROUND

Until October 1997, Mr. Modrowski worked for the Department of Veterans Affairs as a Senior Realty Specialist in the Chicago Regional Office. Mr. Modrowski's duties involved processing sales of VA-owned real estate. That month, the agency removed Mr. Modrowski from his job based on three charges stemming from the sale of two VA-owned houses to his son-in-law. Mr. Modrowski appealed to the Board, which, in June 1999, affirmed his removal and sustained the agency on all charges.

In June 2001, this court reversed the Board on one charge, while affirming on the others. *Modrowski v. Dep't of Veterans Affairs*, 252 F.3d 1344, 1346 (Fed. Cir. 2001). The court remanded for reconsideration of the appropriate penalty given the partial reversal. The agency decided that the surviving charges still warranted removal. Mr. Modrowski again appealed to the Board.

On July 1, 2002, Mr. Modrowski settled his Board appeal with the agency. The settlement agreement, among other things, retroactively reinstated Mr. Modrowski from the October 1997 date of his initial removal to December 28, 1999. As of Mr. Modrowski's December 28, 1999 effective retirement date, he qualified for a service annuity under the Civil Service Retirement System, with the settlement agreement specifically providing that his agreement to resign "shall entitle [Mr. Modrowski] to retroactive annuities under the CSRS." Of significance to

Mr. Modrowski's current appeal, the settlement agreement also required that "[w]ithin 30 days of the effective date of this agreement, the [agency] shall expunge from [Mr. Modrowski's] records any reference to [his 1997 removal]." Twice before the present occasion, Mr. Modrowski petitioned the Board to enforce the settlement agreement; the Board dismissed both petitions in a single decision. *Modrowski v. Dep't of Veterans Affairs*, 97 M.S.P.R. 224 (2004).

Besides having worked for the VA, Mr. Modrowski is an Army veteran who served during the Vietnam War. His present petition to enforce the July 2002 settlement agreement arises from his claim for disability compensation in the veterans-benefit system, a claim he filed with the VA in 2009. In 2010, he sought a total-disability rating, arguing that his disabilities were connected to his Army service and prevented him from securing or performing substantially gainful work. The VA denied his claim of total disability but granted him a 60% rating for one service-connected disability and a 10% rating for another. Mr. Modrowski appealed the decision.

As the initial step in the appeal process under the veterans-benefit statute, a VA Decision Review Officer prepared "a summary of the law and evidence concerning" Mr. Modrowski's claim. That Statement of the Case, dated January 25, 2011, included the following passage:

> You were employed as a GS-12 senior realty specialist at the Chicago VA Regional Office and were removed from your position in 1997. You appealed your removal, which was unsuccessful. A settlement was reached which allowed you to receive a retirement annuity . . . with a "paper retirement" date of December 28, 1999.

On November 17, 2011, Mr. Modrowski filed, with the Merit Systems Protection Board, the current petition to enforce the July 2002 settlement agreement, claiming

that the reference to his 1997 removal in the Statement of the Case violated the provision to expunge from his records any reference to the 1997 removal. In response to the petition, counsel for the agency, having reviewed the file associated with Mr. Modrowski's veterans-benefits claim, declared that, besides the Statement of the Case, the only other documents in the claim file that referred to his 1997 removal were (1) a copy of a December 2005 opinion from this court obtained through the "vLex" legal research website and (2) a June 2002 article from the website of the *Government Executive* publication, entitled "Management: When Employees Take the Fifth," that was accessed and printed on March 2, 2010.

The Board denied Mr. Modrowski's petition to enforce the July 2002 settlement agreement. The Board explained that it had already decided, in its 2004 denial of Mr. Modrowski's petitions to enforce the agreement, that "the reference to 'records' in the agreement applied only to [Mr. Modrowski's] employment records," other records not being material to the agreement's purpose of securing Mr. Modrowski his retirement benefits and easing his search for employment. *Modrowski v. Dep't of Veterans Affairs*, CH-0752-98-0126-C-3, slip op. at 3-4 (M.S.P.B. Feb. 15, 2013). The Board reasoned that Mr. Modrowski did not seek review of the 2004 ruling, which was therefore precedential, and which established that any reference to the 1997 removal in the veterans-benefit claim file was either not a breach or, in any event, not a material breach. *Id.* at 4. Consequently, the Board concluded, "the agency is in compliance" with the July 2002 settlement agreement. *Id.*

Mr. Modrowski timely petitioned for review by this court under 5 U.S.C. § 7703. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

DISCUSSION

A settlement agreement is a contract, with the interpretation of its terms a question of law. *See Greco v. Dep't of the Army*, 852 F.2d 558, 560 (Fed. Cir. 1988). As with other contracts, the terms of a settlement agreement should be interpreted to reflect "the intent of the parties at the time they contracted, as evidenced by the contract itself." *Id*. In aid of interpretation, "if the principal purpose of the parties is ascertainable it is given great weight." Restatement (Second) of Contracts § 202 (1981).

The parties here dispute how to interpret the following provision from Mr. Modrowski's July 2002 settlement agreement reached during the appeal of his 1997 removal to the Board:

> Within 30 days of the effective date of this agreement, the Department shall expunge from Appellant's records any reference to the removal underlying this appeal.

Mr. Modrowski does not contend, and has no basis to contend, that the agency failed, by the end of August 2002, to remove references to the 1997 removal from Mr. Modrowski's records. Instead, his challenge necessarily rests on the broader assertion that the provision impliedly imposes a further duty on the VA to keep any reference to the 1997 removal from thereafter appearing in any other records, including records in a non-employment file, in this case a file involving his claim for benefits as a veteran, not as an employee. But the settlement agreement does not fairly support that asserted implied obligation.

At least for purposes of this implied-duty assertion, the Board's reasoning is sound: the obligation regarding "records" does not extend to disability-compensation records. Mr. Modrowski's interpretation, by focusing exclusively on the term "records," ignores the unmistakable purpose of the July 2002 settlement agreement—to

resolve his status as an employee and, perhaps, ease his future employment elsewhere. The first paragraph of the agreement specifically provides that Mr. Modrowski "waives and dismisses this case and any and all claims, grievances, complaints or disputes against the [agency] . . . that have been made or can be made concerning his employment." Each subsequent paragraph addresses either his status as an employee or his litigation with the agency over his 1997 removal from employment. Thus, the Board did not rely on an incorrect view of the VA's contractual obligations in concluding that there was no material breach of the 2002 settlement agreement in the VA's reference to the 1997 removal in the sharply different context of Mr. Modrowski's claim for benefits as a veteran.

### CONCLUSION

For the foregoing reasons, we affirm the decision of the Board denying Mr. Modrowski's petition to enforce his July 2002 settlement agreement with the VA.

No costs.

**AFFIRMED**